Brett A. Berman (No. 20480130)
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
(215) 299-2000
(215) 299-2150 (Fax)
BBerman@FoxRothschild.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUKOIL NORTH AMERICA, LLC, a New York Limited Liability Company, | CIVIL ACTION NO.: |
| Plaintiff, | **COMPLAINT** |
| v. | ECF CASE |
| CHESTER L. TAYLOR, | |
| Defendant. | |

NOW COMES the plaintiff, LUKOIL NORTH AMERICA, LLC ("Plaintiff" or "LNA"), by its attorneys, Fox Rothschild, LLP and state its complaint against the defendant, CHESTER TAYLOR ("Defendant"), an individual.

### NATURE OF THIS ACTION

1.      This is an action for willful trademark infringement and false designation of origin under the United States Trademark Act, (The Lanham Act) 15 U.S.C. §§ 114 (1), 1125(a), brought by the exclusive licensee of the famous name and mark *LUKOIL* for use on and in connection with gasoline service station and convenience store services.  The defendant, Chester Taylor, operates a retail motor fuel service station located at 2450 Catasauqua Road, Bethlehem,

PA, which service station is located in this District.  LNA is the exclusive licensee of the famous

mark *LUKOIL*, registered in the United States Patent and Trademark Office by OAO LUKOIL,

LNA's ultimate parent.  LNA, through its own efforts and those of its predecessors, has

authorized use of the *LUKOIL* brand for service stations throughout the Northeast and in this

District.  While Mr. Taylor had originally operated his service station as an authorized seller of

*LUKOIL* branded motor fuels, the franchise relationship established by LNA and/or LNA's

supplier with Mr. Taylor has been terminated.  Despite this termination, Mr. Taylor has

continued to operate the subject service station under the name and federally registered

trademark *LUKOIL*, including the large, illuminated *LUKOIL* roadside sign, *LUKOIL* gas pump

signage, and all other aspects of the trade dress associated with *LUKOIL* service stations.

Throughout 2014 through the present date, LNA, through its attorneys, has demanded the

removal of all the *LUKOIL* branding from Mr. Taylor's service stations.  In response, Mr. Taylor

has blatantly refused to take any steps to remove the highly visible branding, thus leaving LNA

with no recourse but to seek the protection of this Court to enjoin the continued deception to the

public created by this willful and knowing infringement of the valuable *LUKOIL* brand.

## PARTIES AND JURISDICTION

2.      Plaintiff LUKOIL North America, LLC, is a limited liability company duly

organized through and existing laws under the laws of the State of Delaware with its principal

place of business located at 505 Fifth Avenue, New York, New York 10017.  Plaintiff does

business throughout the United States, including this District.

3.      Defendant Chester Taylor is an individual and, upon information and belief, is a

resident of the District.  Upon information and belief, Mr. Taylor operates a retail motor fuel

service station located at 2450 Catasauqua Road, Bethlehem, Pennsylvania, which lies within the District.

4.     The Court has original jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1338(a), and under the Lanham Act, 15 U.S.C. § 1121.  Further, subject matter jurisdiction exists under 28 U.S.C. § 1332, as there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.  This Court also has supplemental jurisdiction over claims brought under Pennsylvania state law and over all claims that are so related to the claim upon which this Court has original jurisdiction and are part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).  Venue is properly found in the District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CLAIMS

### A.     THE GROWTH OF THE *LUKOIL* BRANDS

5.     After the fall of the Soviet Union in the early 1990's, the petroleum industry in Russia was reorganized into privately held companies, including the Plaintiff's licensor, OAO LUKOIL.  Beginning in 1993, OAO LUKOIL was founded under the laws of the Russian Federation and has rapidly grown into a fully integrated, vertically organized petroleum company involved in all aspects of the industry, including discovery and ownership of oil fields, refinery of crude oil, and retail sales of branded motor fuels.  Presently, OAO LUKOIL is Russia's second largest oil company.  In 2012 alone, OAO LUKOIL pumped approximately 1.8 million barrels of crude oil per day.  OAO LUKOIL has operations in 40 countries around the world, including, operating throughout the Middle Atlantic/North East regions of the United States through its subsidiary, LNA, with annual worldwide sales in 2013 of $141 Billion U.S. Dollars generating a net income in excess of $7 Billion U.S. Dollars.

3

6.      In 2000, OAO LUKOIL entered the United States' branded motor fuel market with the acquisition of Getty Petroleum Marketing Inc. ("GPM"). By 2003, OAO LUKOIL had exclusively licensed GPM to use the *LUKOIL* brand which began replacing the GETTY brand at service stations operating throughout the Middle Atlantic/North East regions of the United States, including service stations in this District. In 2004, GPM purchased a major group of MOBIL branded service stations located in New Jersey and Pennsylvania, many of which have subsequently become *LUKOIL* branded service station.

7.      LNA was formed by OAO LUKOIL in 2009 as a successor in interest to GPM to operate the *LUKOIL* business in the United States, including the marketing and sales of *LUKOIL* branded motor fuels and lubricants through a network of over 300 *LUKOIL* branded service stations in the Middle Atlantic/North East regions of the United States. LNA is the exclusive licensee for *LUKOIL* brand.

8.      As part of its sales of branded motor fuels, LNA enters into franchise agreements either directly with owners and operators of retail motor fuel service station locations or with wholesalers and/or distributors who purchase *LUKOIL* branded motor fuels for supply to approved motor fuel service station owners and/or operators in their network. Pursuant to these agreements, the retail motor fuel service stations are licensed to operate under the *LUKOIL* brand, including the sale of *LUKOIL* branded motor fuels.

9.      As part of their marketing for the sale of *LUKOIL* branded motor oils, a distinctive trade dress for *LUKOIL* branded service stations, including the prominent use of the primary colors red and white, large *LUKOIL* signage at the roadside and on the gas pumps, a canopy design which incorporates the *LUKOIL* brand including *LUKOIL*, three chevrons (sergeant stripes), and a distinctively shaped edge to the canopy over the gas pumps, (the "K

4

Channel") has been developed.  Each of these distinctive elements of trade dress, alone or in

combination, and the collection of colors and designs create a distinctive and memorable trade

dress exclusively associated with Plaintiff.  Below is a depiction of trade dress of a *LUKOIL*

service station.



## B.    U.S. TRADEMARK REGISTRATION

10.    To protect the LUKOIL brand from infringers, OAO LUKOIL registered its

various trademarks with the United States Patent and Trademark Office including:

**Registration No. 4,036,862, registered in October 11, 2011**



International Classes:

35: Demonstration of goods; market study; shop-window dressing; presentation
    of goods on all communication means for retail sales purposes; sales
    promotion for others; distribution of samples; dissemination of advertising
    material in the nature of leaflets, prospectuses, printed matter and samples;
    advertising; online advertising on a computer network; television advertising;
    administrative processing of purchase orders; supply services for third
    parties, namely, purchase of goods and services for third parties.

37: Retreading of tires; tire repair, namely, vulcanization of tires; washing of cars; washing of vehicles; anti-rust treatment for vehicles; vehicle polishing; vehicle greasing; vehicle service stations for re-fueling and maintenance; vehicle cleaning.

43: Hotel services; fast-food restaurants and snackbars; cafe-restaurants; cafeterias.

**Registration No. 3,750,154, registered February 16, 2011**

# LUKOIL

International Class:

35: Retail store services featuring automotive parts and accessories; retail store services featuring convenience store items and gasoline; providing information about the trading of petroleum and petroleum products.

**Registration No. 3,725,905, registered December 15, 2009**

# LUKOIL

International Classes:

04: Diesel fuel (low sulfur); motor oil

35: Retail convenience stores

**Registration No. 3,725,904, registered December 15, 2009**



International Classes:

04:  Diesel fuel (low sulfur); and motor oil

35:  Retail convenience stores

**Registration No. 4,026,293, registered September 13, 2011**



International Class:

35: Retail tire stores; retail store services featuring automotive parts and accessories;
franchising, namely, offering technical assistance in the establishment and operation
of retail gasoline supply services; retail gasoline supply services; retail store services
featuring convenience store items and gasoline; promoting the sale of credit card
accounts through the administration of incentive awards programs; promoting the sale
of goods and services of others through the distribution of printed materials and
promotional contests.

11.  All of the foregoing registrations are in full force and effect with LNA as the

exclusive licensee.  Copies of the certificates of registration are attached as Exhibits A through

E, respectively.

**C.     DEFENDANT'S UNAUTHORIZED USE OF PLAINTIFF'S
        MARKS AND TRADE DRESS**

12.     Upon information and belief, Mr. Taylor is and was the owner and/or lessee of the

retail motor fuel service station located at 2450 Catasauqua Road, Bethlehem, Pennsylvania

18019 (the "Bethlehem Location"), for all pertinent times herein.  Mr. Taylor began operating

the Bethlehem Location as a *LUKOIL* brand service station in 2009 and continued to purchase

gasoline for resale from LNA's supplier.  In November 2011, Mr. Taylor ceased doing business

with LNA's supplier.  Mr. Taylor, however, unbeknownst to Plaintiff, continued to operate

without authorization his service station at the Bethlehem Location under the *LUKOIL* brand

7

while selling unbranded motor fuels having no connection, association, or affiliation with Plaintiff.

13.     Plaintiff discovered Defendant's infringing conduct in early 2014.  Soon thereafter, on March 14, 2014, counsel for Plaintiff wrote to Mr. Taylor demanding that he remove all the *LUKOIL* trademarks from the Bethlehem Location.  A copy of the March 14, 2014 letter is attached hereto as Exhibit F.

14.     Plaintiff, through its counsel, made numerous attempts to reach Mr. Taylor throughout the Summer of 2014, but received no response.  Counsel then sent a follow-up letter to Defendant on or about September 17, 2014.  Again, Defendant failed to respond.  A copy of the September 17, 2014 letter is attached hereto as Exhibit G.

15.     Finally, Plaintiff's attorneys herein, wrote yet another letter, dated January 12, 2015, to Mr. Taylor advising him of his continuous infringement of the federally registered *LUKOIL* marks at the Bethlehem Location and making a final demand that he cease use of the *LUKOIL* trademarks.  A copy of the January 12, 2015 letter is attached hereto as Exhibit H.

16.     Despite having been put on notice of his infringement of the *LUKOIL* trademark, Mr. Taylor initially ignored Plaintiff's letters then blatantly refused to remove any of the *LUKOIL* signage.  In his January 24, 2015 letter response to counsel's January 12, 2014 letter, Mr. Taylor admits that he has not removed the signs, including the large road sign and canopy, and claims that he has no connection with Plaintiff.  A copy of Mr. Taylor's January, 24, 2015 letter is attached hereto as Exhibit I.

17.     Within the last 30 days, LNA's representative inspected the Bethlehem Location. The photograph below accurately depicts Mr. Taylor's willful and ongoing infringement of the

8



registered *LUKOIL* trademarks and copying of all the elements of the distinctive *LUKOIL* trade dress:

18.     Despite having full knowledge that by failing to remove the signage he has been, and continues to be, infringing the *LUKOIL* trademarks, Mr. Taylor continues to operate the Bethlehem Location and falsely selling unbranded motor fuels under the *LUKOIL* trademarks and distinctive *LUKOIL* trade dress.  Such continuing and knowing infringement creates a likelihood of confusion among the consuming public, deceiving them into believing that Mr. Taylor's service station dispenses genuine *LUKOIL* brand motor fuels and other service station goods and services and that the service station is associated and connected with *LUKOIL* as an authorized retailer.

## COUNT I
### (Trademark Infringement, 15 U.S.C. §§ 1114(1))

19.     Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 18 of this Complaint as if fully set forth herein

20.     The federal registration of the *LUKOIL* trademarks as evidenced by the attached certificates, together with the extensive use of the *LUKOIL* trademarks in commerce, provides Plaintiff, as exclusive licensee, with the exclusive right to use the registered marks in commerce on and in connection with the goods and services specified in the certificates.

21.     Defendant's flagrant and willful infringing use of Plaintiff's registered marks without the permission of the Plaintiff is likely to cause confusion, to cause mistake, or to deceive the public as to the source or origin of the Defendant's goods and services.

22.     Defendant's infringing conduct is knowing, willful, deliberate, and intended to benefit Defendant to the Plaintiff's detriment.

23.     As a result of Defendant's ongoing infringement, Plaintiff has suffered and continues to suffer irreparable harm, specifically to the consuming public and to Plaintiff's business and goodwill represented by the registered trademarks.

24.     By reason of the foregoing, Plaintiff, as exclusive licensee, is entitled to injunctive relief against Defendant's infringing acts pursuant to 15 U.S.C. § 1116, and, due to the willful nature of Defendant's infringement, Plaintiff is entitled to Defendant's profits, as well as damages in an amount to be determined at trial, and the costs of the present action.  Plaintiff additionally is entitled, under 15 U.S.C. § 1117, to a judgment against Defendant for three times the amount of damages, together with an award of reasonable attorneys' fees.

## COUNT II
### (Trade Dress Infringement, 15 U.S.C. § 1125)

25.     Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 24 of this Complaint as if fully set forth herein.

26.     Defendant's acts, as set forth above, constitute copying of Plaintiff's common law rights in the elements of the distinctive *LUKOIL* trade dress, in violation of the Lanham Act,

10

15 U.S.C. § 1125(a), by creating a false designation of origin which is likely to cause confusion, mistake, or deception, thereby causing substantial and irreparable injury to the public and to Plaintiff's business reputation and good will.

27.     As a result of Defendant's willful infringement and unlawful acts, Defendant has been, and continues to be, unjustly enriched by profits that Defendant has made in connection with Defendant's commercial use of *LUKOIL* signage.

28.     Defendant's continuing infringement has caused and, absent injunctive relief, will continue to cause irreparable harm to Plaintiff.  Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendant from engaging in further acts of infringement pursuant to 15 U.S.C. § 1116.

29.     As a direct and proximate result of Defendant's willful and ongoing conduct, Plaintiff has suffered and is entitled to monetary damages in an amount to be determined at trial. Plaintiff is also entitled to the costs of the present action, including reasonable attorneys' fees, as well as pre- and post-judgment interest as provided in 15 U.S.C. § 1117.

30.     Because Defendant's infringement is willful and in conscious disregard for Plaintiff's trade dress, Plaintiff is entitled to the trebling of damages in order to provide just compensation.

### COUNT III
### (Common Law Trademark Infringement)

31.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     Plaintiff's licensed use of the registered *LUKOIL* marks and its extensive use and promotion thereof have established in the minds of the general public a strong association

11

between the registered marks and the goods, services, and goodwill of the *LUKOIL* brand provided exclusively by Plaintiff.

33.     Defendant's flagrant and ongoing misuse of *LUKOIL's* registered marks is likely to cause confusion, to cause mistake, or to deceive the public as to the source or origin of Defendant's goods and services and to counsel a likelihood of confusion as to an association, connection, or affiliation with Plaintiff's business.

34.     Defendant's knowing, willful, and deliberate conduct constituting trademark infringement has unjustly enriched Defendant to Plaintiff's injury and harm.

35.     As a result of Defendant's ongoing infringement, Plaintiff has suffered, and continues to suffer, irreparable harm, specifically the confusion of the consuming public and the harm to Plaintiff's business and goodwill represented by the trademarks.

36.     By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, and, due to the willful nature of Defendant's infringement, Plaintiff is entitled to Defendant's profits, as well as damages in an amount to be determined at trial, and the costs of the present action. Plaintiff additionally, because of the knowing and willful character of this infringement, is entitled to punitive and exemplary damages, awarded together with reasonable attorneys' fees.

## COUNT IV
### (Common Law Unfair Competition)

37.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.     Plaintiff's exclusive use of the registered marks and trade dress and its extensive use and promotion thereof have established in the minds of the general public a strong

12

association between the registered marks and the goods, services, and goodwill of the *LUKOIL* brand.

39.     Defendant's flagrant and ongoing use of Plaintiff's registered marks and trade dress is likely to cause confusion, to cause mistake, or to deceive the public as to the source or origin of Defendant's goods and services and as to an association, connection, or affiliation with Plaintiff and its goods and services.

40.     Defendant's willful and deliberate misuse of Plaintiff's trademarks and trade dress has resulted in the knowing misappropriation of Plaintiff's goodwill and business reputation all to Plaintiff's detriment.  Defendant's unfair and deceptive conduct has unjustly enriched Defendant, damaged Plaintiff, and is the direct and proximate cause of consumer confusion.

41.     As a result of Defendant's ongoing acts of unfair competition, Plaintiff has suffered, and will continue to suffer, irreparable harm to Plaintiff's registered marks and to Plaintiff's business reputation and goodwill, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

42.     By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, and, due to the willful nature of Defendant's infringement, Plaintiff is entitled to Defendant's profits, as well as damages in an amount to be determined at trial, and the costs of the present action.  Plaintiff additionally, because of the knowing and willful character of this infringement, is entitled to punitive and exemplary damages, awarded together with reasonable attorneys' fees.

## COUNT V
### (Dilution Under Pennsylvania Trademark Act, 54 Pa. Cons. Stat. Ann § 1124)

43.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.     As set forth above, the exclusively licensed *LUKOIL* trademarks and trade dress are distinctive and have become famous and well-recognized throughout the United States, including this District, well before Defendant began his unauthorized use of Plaintiff's marks and trade dress in commerce.

45.     Defendant's flagrant and ongoing use of the exclusively licensed *LUKOIL* trademarks and trade dress in connection with the sale of branded motor fuels and other goods and services—not those of the Plaintiff—reduces the capacity of the marks and trade dress exclusively to identify and distinguish the *LUKOIL* goods and services.

46.     By reason of the foregoing and due to the willful nature of Defendant's dilution, Plaintiff is entitled, under 54 Pa. Cons. Stat. Ann. § 1125, to injunctive relief, damages in an amount to be determined at trial, disgorgement of Defendant's profits, and the costs of the present action, including attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and an order in Plaintiff's favor and against Defendant:

(a) for the issuance of a preliminary and then a permanent injunction enjoining Defendant from continued unlawful use of Plaintiff's registered and common law trademarks and trade dress, including the removal of all *LUKOIL* signage, trade dress, removal of the K Channel from the canopy, and any and all other infringing indicia of *LUKOIL* marks and trade dress by Defendant;

(b) for an accounting and payment to Plaintiff of all gains, profits and/or advantages derived by Defendant from Defendant's trademark infringement, trade dress infringement, dilution, and unfair competition; and/or for payment of Plaintiff's lost profits caused by Defendant's trade dress infringement, trademark infringement, dilution and unfair competition;

(c) for compensation to Plaintiff of any advertising or other expenses necessary to dispel any confusion caused by Defendant's trademark infringement, trade dress infringement, dilution, and unfair competition;

(d) for damages suffered by Plaintiff as a result of Defendant's trademark infringement, trade dress infringement, dilution, and unfair competition, in an amount to be determined at trial, but no less than $75,000.00, plus costs and interest;

(e) for treble damages the amount of actual damages suffered by Plaintiff;

(f) for such other relief as the Court deems proper within the provisions of the Lanham Act and Pennsylvania's unfair competition laws;

(g) for a judgment for Plaintiff and against Defendant for interest, costs, and reasonable attorney's fees incurred in the prosecution of this action; and

(h) for such other and further relief as the Court may deem just and proper.

Dated: April 15, 2015

Respectfully submitted,

Brett A. Berman
FOX ROTHSCHILD, LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
(215) 299-2000
(215) 299-2150 (Fax)
BBerman@foxrothschild.com
Attorneys for Plaintiff
*LUKOIL North America, LLC*

Of Counsel
William R. Hansen
Justin J. Krane
100 Park Avenue, Suite 1500
New York, NY 10017
Tel: 212-878-7900
Fax: 212-692-0940